O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO DELGADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-01515-MEMF-SSC<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY (ECF NO. 18)** |

Before the Court is Defendant's Motion to Dismiss or Stay. ECF No. 18. For the reasons stated herein, the Court DENIES the Motion.

/ / /

/ / /

1

## I. Background

Plaintiff Fernando Delgado filed his Complaint on behalf of himself and similarly situated class members in Los Angeles Superior Court on April 12, 2024. ECF No. 1-1 ("Compl."). The Complaint alleges causes of action against Defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors") for: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to provide accurate itemized wage statements; (6) failure to pay all wages due upon separation of employment; and (7) violation of Business & Professions Code §§ 17200, *et seq. Id.*

On November 14, 2024, Clean Harbors filed the instant Motion to Dismiss or Stay, noting two earlier-filed federal actions and two earlier-filed state actions (the "Prior Actions"): (1) *Reginaldo Velasquez v. Clean Harbors Environmental Services, Inc. et al.,* E.D. Cal. Case No. 2:23-cv-01742-DAD-CKD, filed on June 25, 2023; (2) *Dino De Sanctis v. Clean Harbors Environmental Services, Inc.*, E.D. Cal. Case No. 2:24-cv-00551-DAD-CKD, filed on August 3, 2023; (3) *Reginaldo Velasquez v. Clean Harbors Environmental Services, Inc., et al.*, Santa Clara County Superior Court Case No. 24CV441441, filed on August 4, 2023; and (4) *Dino De Sanctis v. Clean Harbors Environmental Services, Inc.*, Santa Clara County Superior Court Case No. 23CV420356, filed on August 11, 2023. ECF No. 18 (the "Motion"). On November 29, 2024, Delgado filed an opposition to the Motion. ECF No. 20 ("Opposition"). On December 6, 2024, Clean Harbors filed a reply. ECF No. 21 ("Reply").

## II. Applicable Law

The "first to file rule" allows "a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). The rule "serves the purpose of promoting efficiency . . . and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). Regardless, the "'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.

There are three considerations a court should make before applying the first to file rule: the chronology of the lawsuits, the similarity of the parties, and the similarity of the issues. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "Under [the] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

### III.    **Discussion**

Clean Harbors brings the Motion contending that the three prerequisites of the first to file rule have been met—namely, that the Prior Actions were (1) first filed, (2) involve the same parties, and (3) involve similar issues. *See* Motion. Notably, Delgado does not dispute that all of the factors are met and merely argues that the Court should consolidate under Rule 42(a) rather than dismiss or stay this action. *See* Opposition at 2 (representing that the three federal class actions "are predicated on similar questions of law and fact"). Accordingly, the Court finds it undisputed that the first to file rule is applicable, and Delgado does not contend that there are any equitable reasons for which the Court should deny to apply it. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (exceptions to the first to file rule typically include bad faith, anticipatory suit, and forum shopping).

This Court must then decide whether, under the first-to-file rule, this Court should transfer, stay, or dismiss this action. Clean Harbors urges this Court to dismiss this action because it is wholly subsumed by the Prior Actions (with identical parties and issues) and therefore serves no independent purpose and adds nothing to the Prior Actions. *See generally* Reply. In opposing the Motion, Delgado proposes that this Court consolidate his case with the cases currently pending in the Eastern District of California because consolidation would address Clean Harbors' concerns about overlapping and duplicative litigation while still maintaining different class representatives from different employment positions that can represent the class adequately, which is in the best interests of the class.

As Clean Harbors notes, consolidation would first require transfer to the Eastern District. *See* Reply at 12; 28 U.S.C. § 1407 ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."). The Court will therefore consider whether transfer for purposes of possible consolidation would be appropriate. Clean Harbors also argues that Delgado's argument for consolidation is a concession that there are common issues, which makes dismissal the "simplest remedy," that Delgado does not specifically explain what value he adds as a representative and why the other plaintiffs are not adequate, and that consolidation would add judicial burden by adding a duplicative action that serves no purpose.[1] Reply at 12.

The Court finds that transfer for purposes of possible consolidation would be the appropriate way in which to apply the first-to-file rule when facing multiple putative class actions, all involving different counsel. Dismissal is most appropriate when there is no risk that the claims or issues will not be fully covered by the earlier action. *See Pacesetter Systems*, 678 F.2d at 97 (affirming dismissal); *see also Alltrade*, 946 F.2d at 628–29 (noting that jurisdictional uncertainty regarding the outcome of the first-filed case "counsels against outright dismissal"). But in the case of putative class actions, the fact that the claims are the same and the class definition is the same does not mean that the cases will be litigated in precisely the same way. In fact, the Federal Rules acknowledge this and obligate a court to consider the adequacy of representation of the class representatives before certifying a class. Fed. R. Civ. Proc. 23(a)(4); *see also* Wright & Miller, Federal Practice and Procedure § 1833. This suggests that—contrary to Clean Harbors' argument—there may be a purpose served by Delgado being permitted to continue prosecution of his case. The Rules also obligate a court to specifically consider the work, experience, knowledge, and resources of counsel before appointing counsel as interim counsel even before a class is certified. Fed. R. Civ. Proc.23(g); *see also* Wright & Miller, Federal Practice and Procedure § 1802.3. These considerations persuade this Court that rather than dismiss this action, this Court should transfer this action to the Eastern

---

[1] The Court understands that the Eastern District would be a proper venue as it appears undisputed that the case could have originally been brought there. *See In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (holding that the first-to-file rule does not negate the statutory requirement that an action may only be transferred to district where it could have been originally brought).

District where that court can determine whether it should be consolidated with the pending matters and can more efficiently and holistically determine matters such as appointment of interim class counsel and adequacy of representation.

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS that the Motion to Dismiss (ECF No. 18) is DENIED. The Court further ORDERS that the matter is transferred to the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated: May 14, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge